MITCHELL, J.
Appellant was charged with the commission of the offense of carrying a concealed weapon in violation of section 12025, Penal Code, and was convicted by a jury.
*Supp. 868 . Appellant contends that the evidence does not support the verdict in that proof of intent is lacking.
The transcript of the testimony discloses that the sheriff’s office had a place known as Morongo Lodge under surveillance. One deputy, in plain clothes, testified that he saw the defendant shortly after midnight at which time this defendant was not carrying a gun at his waistline.
A few minutes later another deputy, identifying himself as an officer, demanded admission to the lodge. The defendant ran from the building; the officer pursued, calling for defendant to stop. When the officer fired his pistol the defendant dropped to the ground and placed his hands down on his trousers in such a manner as to suggest to the officers that he had a weapon. Search disclosed the weapon inside his trousers. He had no belt holster.
This evidence was sufficient to justify the conviction.
Appellant complains about the admission of certain testimony in which a conversation between the defendant and the “undercover” deputy is related.
The trial court properly overruled appellant’s objection as to the admissibility of this evidence.
After it was in, no motion to strike it on the ground of irrelevency was made, nor was the court requested to direct the jury to disregard the testimony which related the defendant’s statement.
Defendant may not now complain.
The judgment and order denying new trial are affirmed.
Coughlin, J., and Hilliard, J., concurred.